UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                     :
NISA MELLIN,                                          :
                                  Plaintiff,          :
                                                     :                21 Civ. 7789 (LGS)
                     -against-                        :
                                                     :          **<u>OPINION AND ORDER</u>**
NERAI LLC,                                            :
                                  Defendant.   :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

　　Plaintiff Nisa Mellin, both individually and in her capacity as Executrix of the estate of

her late husband, Martin Mellin, brings this action against Defendant Nerai LLC, alleging that

Defendant was negligent and discriminated against Mr. Mellin on the basis of disability when

Defendant, through its agent and employee, directed Mr. Mellin to Nerai restaurant restrooms

downstairs rather than to a restroom on the first floor.  The Complaint alleges five causes of

action: (1) negligence, (2) wrongful death, (3) violation of the Americans with Disabilities Act

("ADA"), (4) violation of the New York State Human Rights Law ("NYSHRL") and (5) violation

of the New York City Human Rights Law ("NYCHRL").  Defendant moves for summary

judgment on all claims.  For the reasons below, Defendant's motion is denied in part and granted

in part.

## I.    BACKGROUND

　　The following undisputed facts are drawn from the parties' statements pursuant to

Federal Rule of Civil Procedure 56.1 and other submissions on this motion.

　　Prior to his death, Mr. Mellin suffered from psoriatic arthritis, among other conditions.

In 2006, Mr. Mellin underwent bilateral knee surgery.  On November 19, 2020, during the

COVID-19 pandemic, Mr. Mellin and Ms. Mellin made plans to dine at Defendant's restaurant

Nerai.  Mr. Mellin arrived first.  The restaurant has bathrooms in the basement and on the first and second floors.  When Mr. Mellin asked a busboy, Edgar Saenz, for the location of the restroom, Mr. Saenz directed Mr. Mellin to the restaurant's restrooms in the basement.  While descending the stairs from the first floor, Mr. Mellin fell, injuring his right knee.  After waiting for his wife to arrive at the restaurant, Mr. Mellin called an ambulance and was transported to a hospital.

On November 22, 2020, Ms. Mellin received a phone call from a contact tracer advising her that she had been exposed to COVID-19 through a coworker she last saw on November 19, 2020, the day of Mr. Mellin's fall.  On November 24, 2020, Mr. Mellin was transferred to a different hospital to undergo knee surgery.  By November 30, 2020, Mr. Mellin had developed a cough and tested positive for COVID-19.  On December 11, 2020, Mr. Mellin underwent further surgery to his right knee.  On December 22, 2020, still hospitalized, Mr. Mellin tragically died from complications relating to COVID-19.

## II.    STANDARD

Summary judgment is appropriate where the record establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020).[1]  "The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment, and in assessing the record to determine whether there is a genuine issue as to a material fact, the court is required to resolve all ambiguities and draw all permissible

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

factual inferences in favor of the party against whom summary judgment is sought." *Id.*  If the movant meets its burden of demonstrating the absence of a question of material fact, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008); *accord Whitney v. Montefiore Med. Ctr.*, No. 21 Civ. 9623, 2023 WL 7386400, at *7 (S.D.N.Y. Nov. 8, 2023).  However, a "party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment . . . . Mere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010); *accord Whitney*, 2023 WL 7386400, at *7.

New York law applies to the state law claims because the parties cite New York cases or federal cases applying New York law, and "such implied consent is sufficient to establish the applicable choice of law." *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 31 (2d Cir. 2017).

## III.   DISCUSSION

### A.   Negligence

Defendant's motion for summary judgment on the negligence claim is denied.  To prevail on a claim for negligence under New York law, a plaintiff must establish that the defendant breached a duty to the plaintiff and that the defendant's breach caused the plaintiff's injury.  *See Dooley v. United States*, 83 F.4th 156, 162 (2d Cir. 2023) ("Under New York law, a torts plaintiff . . . seeking to prove a defendant's negligence must show (1) the existence of a duty . . . ; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.").  Construing the facts in favor of Plaintiff, a reasonable jury could find each of these elements.

The first element is satisfied because Defendant, as the restaurant owner, owed Mr. Mellin, as a guest on the restaurant property, a duty of reasonable care not to cause Mr. Mellin foreseeable injury from its own employees.  *See Maheshwari v. City of New York*, 810 N.E.2d 894, 897 (N.Y. 2004) (stating that "landlords and permittees have a common-law duty to minimize foreseeable dangers on their property . . . ."); *Maysonet v. KFC, Nat. Mgmt. Co.*, 906 F.2d 929, 931 (2d Cir. 1990) ("Landowners . . . . have a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control . . . .") (quoting *D'Amico v. Christie*, 518 N.E.2d 896, 899-900 (N.Y. 1987)); *Evans v. Norecaj*, 102 N.Y.S.3d 15, 16 (1st Dep't 2019) ("A restaurant providing valet parking services can be held liable for the negligence of [an independent contractor, in the hiring of] attendants [who] are alleged to have caused an accident to a third party."); *Tobin v. Slutsky*, 506 F.2d 1097, 1102-03 (2d Cir. 1974) ("We construe the law of New York to oblige an innkeeper to use reasonable care, commensurate with the quality of the accommodations offered, to see that his guest is not abused, injured or insulted by his employees.").

Plaintiff has raised triable issues of fact as to the second element, whether Defendant breached its duty of care in directing Mr. Mellin to the downstairs bathroom.  Ms. Mellin testified at her deposition that Mr. Mellin called her shortly after his fall.  During that call, Mr. Mellin told his wife that he had fallen, explaining that he had asked "if there was a bathroom upstairs because he had been having issues with his ankles" and that "he was told there was no other bathroom."  These statements are admissible under the hearsay exception for an excited utterance under Federal Rule of Evidence 803(2), which allows "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it

4

caused." These statements "relate" to the startling event, the fall, because they explain the conditions that may have caused the fall. *See United States v. Spencer*, No. 22-1464-CR, 2023 WL 5091827, at *2 (2d Cir. Aug. 9, 2023) (summary order) ("[T]he excited utterance exception is based on the psychological impact of the event itself, and permits admission of a broader range of hearsay statements -- i.e. those that 'relate to' the event." (emphasis omitted)). Because the declarant, Mr. Mellin, made the call shortly after his fall, Plaintiff has shown by a preponderance of the evidence that he was still under the stress of the fall at that time.

Although Mr. Saenz, the busboy, admits that Mr. Mellin asked about the location of the bathroom, Mr. Saenz denies that Mr. Mellin disclosed his ankle issues or asked about other bathrooms. On summary judgment, a court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Frost*, 980 F.3d at 242. Assuming Mr. Mellin told Mr. Saenz about his ankle issues and asked Mr. Saenz about other bathrooms, a jury could find that it was unreasonable to direct Mr. Mellin to the downstairs bathroom. Thus, Plaintiff has raised at least the following questions of fact for the jury on the issue of breach: (1) whether Mr. Mellin made those statements to the busboy or his wife and (2) whether, under the circumstances, it was reasonable for Defendant to send Mr. Mellin downstairs.

As to the third element, causation, "[a] breach proximately causes harm if it is a substantial factor in the plaintiff's injury." *Brown v. New York*, 105 N.E.3d 1246, 1248 (N.Y. 2018). For the reasons discussed in the next section, Plaintiff has failed to raise a question of fact as to whether sending Mr. Mellin downstairs proximately caused Mr. Mellin's death. However, Defendant does not dispute, and a reasonable jury could find, that the act of sending Mr. Mellin downstairs proximately caused Mr. Mellin's knee injury. *See Hain v. Jamison*, 68

N.E.3d 1233, 1238 (N.Y. 2016) ("[T]he most significant inquiry in the proximate cause analysis is often that of foreseeability."). Therefore, Plaintiff may proceed with her negligence claim with respect to Mr. Mellin's knee injury, but not his death.

Plaintiff's claim for negligent supervision and training is dismissed as duplicative of Plaintiff's negligence claim. "[W]here a plaintiff is tortiously injured by an employee acting within the scope of his employment, courts routinely dismiss claims for negligent training and supervision as unnecessary, since the employer will be liable based on *respondeat superior* regardless of whether there was negligent training or supervision." *Ben v. United States*, 160 F. Supp. 3d 460, 476 (N.D.N.Y. 2016) (collecting New York law); *see Williams v. Boulevard Lines, Inc.*, No. 10 Civ. 2924, 2013 WL 1180389, at *13 n.10 (S.D.N.Y. Mar. 12, 2013) (New York law).

### B.     Wrongful Death

Defendant's motion for summary judgment on Plaintiff's wrongful death claim is granted because Plaintiff has failed to present evidence from which a reasonable jury could conclude that Defendant proximately caused Mr. Mellin's death from COVID-19. "A defendant is entitled to summary judgment where the plaintiffs have failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in [the plaintiffs'] favor on an essential element of a claim on which the plaintiffs bear the burden of proof." *Selevan v. N.Y. Thruway Auth.*, 711 F.3d 253, 256 (2d Cir. 2013).

To prevail on a claim for wrongful death under New York law, a plaintiff must prove "(1) the death of a human being, (2) the wrongful act, neglect or default of the defendant by which the decedent's death was caused, (3) the survival of distributees who suffered pecuniary loss by reason of the death of decedent, and (4) the appointment of a personal representative of

the decedent." *Proano v. Gutman*, 180 N.Y.S.3d 279, 284 (2d Dep't 2022).  The parties dispute

the second element, including causation.  In determining causation in wrongful death actions,

New York courts look to whether the alleged negligence proximately caused the death.  *See, e.g.*,

*Rivera v. City of New York*, 920 N.Y.S.2d 314, 316 (1st Dep't 2011) (in wrongful death action,

finding "no evidence to support the inference that any act or omission on the part of defendant

. . . proximately caused the injury to plaintiffs").  "A defendant's negligence qualifies as a

proximate cause where it is a substantial cause of the events which produced the injury."

*Mazella v. Beals*, 57 N.E.3d 1083, 1090 (N.Y. 2016).  As noted above, "the most significant

inquiry in the proximate cause analysis is often that of foreseeability."  *Hain*, 68 N.E.3d at 1238.

   Plaintiff has introduced no evidence that Mr. Mellin's death was a foreseeable

consequence of directing Mr. Mellin to the downstairs bathroom.  Plaintiff merely asserts that

"causing any individual to become hospitalized during the peak time in history of a severe global

pandemic which draws the most contagious diseased patients to hospitals would reasonably

expose such an individual to contracting said disease."  This unsupported assertion is insufficient

to create an issue of fact sufficient to sustain the wrongful death claim.  *See Hicks*, 593 F.3d at

166 ("A party may not rely on mere speculation or conjecture as to the true nature of the facts to

overcome a motion for summary judgment . . . ."); *see, e.g.*, *Pennington v. D'Ippolito*, 855 F.

App'x 779, 782-83 (2d Cir. 2021) (summary order) (affirming summary judgment grant for

defendant on proximate cause question where plaintiff made only "conclusory averments . . .

insufficient to place a matter in genuine dispute").

   Plaintiff incorrectly implies that the Court can take judicial notice of facts sufficient to

create an issue of fact in lieu of evidence in the record.  "Since there was a global pandemic

known by all, and it was also known by the average person that such infection is contracted

during visits to hospitals, [a] genuine issue of material fact exist[s] as to whether the injury sustained by Mr. Mellin requiring hospitalization foreseeably lead to a far higher risk of contracting Covid and its associated risk of death."  While the Court could take judical notice of the existence of the COVID-19 pandemic, *see, e.g.*, *Lipsman v. Cortes-Vazquez*, No. 21 Civ. 4631, 2021 WL 5827129, at *2 n.2 (S.D.N.Y. Dec. 7, 2021), the Court cannot take judicial notice that admission to a hospital in 2020 created a greater risk of contracting COVID-19 than in other environments, such as restaurants.  A court may judicially notice a fact that "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Even a cursory search suggests that hospitals in 2020 may not necessarily have been riskier than the average place for COVID-19 exposure, given the heightened precautionary measures taken by hospitals.  *See, e.g.*, Press Release, NewYork-Presbyterian Hospital, Study Shows Low Risk of COVID-19 Transmission in Hospital Among Patients Undergoing Surgery (Feb. 24, 2021), https://www.nyp.org/news/study-shows-low-risk-of-covid-19-transmission-in-hospital-among-patients-undergoing-surgery [https://perma.cc/XH5X-TDFL]; Amelia Templeton, *Risk of catching COVID-19 in the emergency room is likely low, study shows*, Or. Pub. Broad. (Nov. 24, 2020), https://www.opb.org/article/2020/11/24/risk-of-catching-covid-19-in-the-emergency-room-is-likely-low-study-shows/ [https://perma.cc/343P-5U9N]; Howard Bregman et al., *Fears of Catching COVID-19 in a Hospital Likely Unfounded*, Epic Rsch. (Feb. 7, 2022), https://www.epicresearch.org/articles/fears-of-catching-covid-19-in-a-hospital-likely-unfounded [https://perma.cc/HB3P-FCFQ].

Although neither side presents evidence regarding COVID-19 transmissibility, the burden is on Plaintiff at trial to establish causation by a preponderance of the evidence.  Without any

evidence to support Plaintiff's position, no reasonable jury could find that Mr. Mellin's death was proximately caused by Defendant.  *See* Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."); Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact . . . , the court may . . . grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it[.]").  Defendant's summary judgment motion on Plaintiff's wrongful death claim is granted.

## C.     Disability Discrimination Under the ADA, NYSHRL and NYCHRL

Defendant's motion for summary judgment is granted on Plaintiff's disability discrimination claims under the ADA, NYSHRL and NYCHRL.  Plaintiff lacks standing to bring the federal claim.  The state and local law claims fail because the evidence in the record does not support a viable theory of disability discrimination under the applicable statutes.

For example, Plaintiff does not allege a failure to accommodate or denial of access -- i.e., that the restaurant did not have an ADA-compliant bathroom, or that individuals with a disability could not access such a bathroom.  Nor does Plaintiff allege a restaurant policy or practice that as a practical matter denied disabled individuals access to ADA-compliant facilities.  These theories, if supported by the evidence, might state a viable discrimination claim.  *See Hurley v. Tozzer, Ltd.*, No. 15 Civ. 2785, 2018 WL 1087946, at *2 (S.D.N.Y. Feb. 26, 2018) ("The types of discriminatory activities prohibited under Title III include, among others, 'a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable.'" (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)).  Instead, Plaintiff's memorandum of law strains to shoehorn the evidence into a denial-of-access claim, arguing that Mr. Mellin "was denied access to the handicap compliant bathroom despite such requests and despite his disability."  But he was

not denied access.  At most, Mr. Mellin was misdirected, which is at heart a tort claim and not a discrimination claim.

Similarly, Plaintiff does not allege a traditional disparate treatment claim, that Mr. Mellin was treated differently on account of disability -- for example, that the restaurant refused to serve him because he was disabled.  *See Raytheon Co., v. Hernandez*, 540 U.S. 44, 52 (2003) (describing a disparate treatment claim as one where the defendant "treats some people less favorably than others because of [some] protected charactistic").  Plaintiff's memorandum of law tries to allege discriminatory treatment, that Mr. Mellin was directed to the downstairs bathroom "[w]hereas individuals who were not physically disabled could access [the] restrooms without undue hardship."  But he was not treated differently.  Plaintiff's beef is that Mr. Mellin was treated the same as people who had no trouble navigating the stairs.  This is a tort claim, not a discrimination claim.

### 1.      ADA Claim

The ADA claim is dismissed for lack of standing and therefore lack of subject matter jurisdiction.  Plaintiff brings the ADA claim under Title III of the ADA, which prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . ."  42 U.S.C. § 12182(a).  "Title III . . . authorizes private actions only for injunctive relief, not monetary damages."  *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 94 (2d Cir. 2012).  Article III standing requires an "injury in fact" that a favorable resolution of the case is likely to redress. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  A plaintiff has standing to sue for injunctive relief on an ADA Title III claim *"if it was reasonable to infer, based on the [facts], that plaintiff intended to return to the subject location."  Calcano v. Swarovski N. Am. Ltd.*, 36

F.4th 68, 72-73 (2d Cir. 2022).  The ADA claim is brought by Plaintiff as executrix on behalf of Mr. Mellin.  Because Mr. Mellin is unfortunately deceased, neither he nor Plaintiff on his behalf has standing to bring an ADA Title III claim.  The Court therefore lacks subject matter jurisdiction over this claim.  *See, e.g.*, *Kahn v. N.Y. Univ. Med. Ctr.*, No. 6 Civ. 13455, 2007 WL 2000072, at *5-6 (S.D.N.Y. July 10, 2007), *aff'd*, 328 F. App'x 758 (2d Cir. 2009) (finding plaintiff lacked standing to seek injunctive relief under the ADA against hospital defendants in connection with the death of his wife because the deceased wife "cannot benefit from the injunctive relief sought herein, and Plaintiff does not have standing to seek injunctive relief based on past wrongs directed at her").

### 2.    NYSHRL Disability Discrimination Claim

Summary judgment is granted on the NYSHRL claim because the facts in the record do not support the claim.  The Complaint and Plaintiff's memorandum of law reference various provisions of the NYSHRL that are inapposite here.  The Complaint alleges "refusing to update or remove access barriers to restrooms" and a refusal to remedy "the absence of auxiliary aids and services," but the record is devoid of any evidence of any problem with physical access to the bathrooms, except the stairs.  It is undisputed that in addition to the bathroom in the basement, the restaurant had a bathroom on the first floor which avoided the stairs.

The Complaint also alleges "a refusal to make reasonable modifications in policies, practices, or procedures" to accommodate disabled individuals.  This claim is contradicted by undisputed evidence in the record.  Nerai witnesses consistently testified that the restaurant had a policy of directing people who appeared they might have trouble walking -- including the elderly, pregnant and those using crutches or a wheelchair -- to the first-floor restroom. The record shows that, even with Mr. Saenz's more limited English abilities, he understood the

restaurant's policy of directing people with difficulty walking to the first-floor restroom. Otherwise, the restaurant staff generally directed customers to the downstairs restrooms because they contained multiple stalls, as opposed to the single-occupancy first-floor restroom. Defendant's motion for summary judgment is granted on the NYSHRL claim. *See, e.g.*, *Storonsky v. Nat'l R.R. Passenger Corp.*, No. 20 Civ. 7015, 2023 WL 3901693, at *10, 12 (W.D.N.Y. June 8, 2023) (granting summary judgment to defendant on ADA and NYSHRL claims when plaintiff presented "an isolated incident in which, at worst, her request for assistance with her luggage was ignored by Amtrak's [two employees]" and "there is no indication in the record that [the two employees'] conduct was representative of a broader policy or practice among employees at the train station to refuse to assist disabled passengers").

### 3.    NYCHRL Disability Discrimination Claim

Summary judgment is granted on the NYCHRL claim because, like the state law claim, Plaintiff's evidence and theory of liability do not support the claim.  "[C]ourts must analyze NYCHRL claims separately and independently from any federal and state law claims." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013).  "[E]ven if the challenged conduct is not actionable under federal and state law, federal courts must consider separately whether it is actionable under the broader New York City standards." *Id.*

Plaintiff's claim is based on Defendant's employee "directing Mr. Mellin to use a non-compliant ADA bathroom when there was one readily available."  But Plaintiff relies on statutory prohibitions that do not fit this theory.  The statutes referenced in Plaintiff's memorandum of law prohibit refusing or denying accomodations because of disability, "refusing to update or remove access barriers . . . causing said restaurant to be completely inaccessible to the physically impaired," failure to make reasonable accomodations, and "construct[ing] and

maintain[ing] a restaurant that is inaccessible." As discussed above, and even acknowledged in Plaintiff's theory, the restaurant had an ADA-compliant bathroom. As described above, the undisputed evidence also shows that Defendant had a policy of directing people who appeared to be disabled to that bathroom. At most, and construing the facts in favor of Plaintiff, a restaurant employee failed to follow restaurant policy and direct Mr. Mellin to the first-floor bathroom. That conduct is insufficient to state a disability discrimination claim under the NYCHRL. Summary judgment is granted on the NYCHRL claim.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment on all claims is **DENIED** in part and **GRANTED** in part. For clarity, the surviving claim is negligence resulting in Mr. Mellin's knee injury, but not his death.

The Clerk of Court is respectfully directed to close the motion at Dkt. 50.

Dated: March 12, 2024
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE